### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**SHAWANNA NELSON**                                            **PLAINTIFF**

**v.**                              **CASE NO.: 1:04-CV-0037 JMM-JWC**

**OFFICER PATRICIA TURNESKY**                             **DEFENDANT**

### SECOND AMENDED COMPLAINT

Comes the Plaintiff, Shawanna Lumsey, formerly known as Shawanna Nelson, by and through her attorneys, James, Carter & Coulter and for Second Amended Complaint, states:

1.     This is an action to secure the rights, privileges and immunities guaranteed by the Eighth Amendment to the Untied States Constitution as authorized by 42 U.S.C. 1983; to award Plaintiff damages for the infliction of extreme pain and suffering and mental anguish as a result of the violations described below; and to award Plaintiff costs, attorneys fees and any other relief to which she would be entitled resulting from the violation of her Eighth Amendment Right to be free of cruel and unusual punishment.

2.     Jurisdiction of this Court is invoked under 28 U.S.C. 1342 (3) and (4) and is also a proceeding brought pursuant to 28 U.S.C. 2201 and 2202.

3.     Plaintiff is a citizen and resident of Pulaski County, Arkansas.  She was formerly incarcerated at the Arkansas Department of Corrections, McPherson Unit, Newport, Arkansas.

4.     On or about June 3, 2003, Plaintiff was incarcerated at the Arkansas Department of Correction located in Newport, Arkansas.  Plaintiff was pregnant at the time of her incarceration.

5. Defendant Officer Turensky is an employee and agent of the Department of Correction Unit located in Newport, Arkansas. Officer Turensky inflicted injury upon the Plaintiff by refusing to remove Plaintiff's restraints while Plaintiff was in the final stages of labor, which interfered with appropriate positioning and relaxation crucial to the control of pain and to the proper and safe delivery of the child. Defendant Turnesky is being sued in her official and individual capacity.

6. At approximately 5:00 a.m. on September 20, 2003 the Plaintiff began her labor. Plaintiff reported to the infirmary and was told that she would not be allowed to report to the local hospital until her contractions were 4 to 5 minutes apart. The nurses refused to examine the Plaintiff to determine the progress of her cervical dilation, and therefore, failed to provide the most appropriate manner in which to gauge the progress of labor. The nurses failed to provide any equipment at the prison infirmary that is typically utilized at all hospitals to measure and monitor the strength of the Plaintiff's contractions as well as the effect of the contractions on the fetal heart rate.

7. At the time that the Plaintiff arrived at the hospital, Officer Turensky refused to remove the Plaintiff's shackles and leg restraints, despite requests from the medical personnel. At the time the Plaintiff was enduring the most painful part of labor, Officer Turensky intentionally allowed Plaintiff's pain and anxiety to be aggravated through the refusal to remove and leave off the restraints despite requests made by medical personnel. The Plaintiff's restraints were not removed until Plaintiff was placed on the delivery table. The actions of Officer Turensky constituted an intentional disregard for the suffering of the Plaintiff and are a clear violation of the Eighth Amendment proscription against cruel and unusual punishment.

8. As a result of the above described conduct, Plaintiff endured extreme mental anguish and physical injury including pain and suffering. The failure to remove the restraints

2

and shackles interfered with Plaintiff's positioning and caused her to be unable to help control her pain resulting in additional unnecessary physical pain.

9.     The rights of the Eighth Amendment and its prescription against cruel and unusual punishment particularly as it relates to the denial of essential medical care is well established and is known by all the Defendants named in this lawsuit.  Administrator and employees of prisons have been clearly directed to provide essential medical care to inmates who are experiencing serious medical problems.  The process of childbirth poses serious risks to both mother and child and the process deserves appropriate care and monitoring and treatment.  The failure of Officer Turensky to remove restraints is clearly an infliction of cruel and unusual punishment upon Plaintiff who was already enduring extreme pain and stress and who was vulnerable to back injury during the course of labor and delivery.

10.     Because she is no longer a prisoner as defined in 43 U.S.C. 1997, the Prison Litigation Reform Act no longer applies to her claims, or to her damages or attorneys' fees.

11.     As a result of the damages inflicted upon the Plaintiff, she is entitled to the relief as follows:

(a)     That this Court enter a declaratory judgment that the actions of Officer Turensky violated the Eighth Amendment under color of law as prohibited by 42 U.S.C. 1983.

(b)     That Plaintiff be awarded both compensatory damages for her pain and suffering.

(c)     That Plaintiff be awarded punitive damages.

(d)     That Plaintiff be awarded attorney's fees and costs; and

(g)     That Plaintiff be awarded such additional and further relief to which she is entitled and which this Court deems is just and proper; and for any additional relief to which she may become eligible during the pendency of this litigation.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment granting a declaratory judgment that the Defendants' acts, policies, and practices complained of herein, violated Plaintiff's rights secured by the Eighth Amendment to the United States Constitution; joint and several nominal, compensatory, and punitive damages against the Defendant; for reasonable attorneys' 42 U.S.C. § 1988 fees; and, all other proper and just relief, whether specifically prayed for herein or not.

Respectfully submitted,

SHAWANNA NELSON

By: /s/ Paul J. James
   Paul J. James, Ark. Bar No.: 83091
   James, Carter & Coulter, PLC
   P.O. Box 907
   Little Rock, AR 72203
   (501) 372-1414
   (501) 372-1659 (facsimile)
   Email:  pjj@jamescarterlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was served this 5th day of May, 2010, via electronic mail to:

Christine A. Cryer
Arkansas Attorney General's Office
Catlett-Prien Tower Building
323 Center Street, Suite 200
Little Rock, AR  72201
Christine.cryer@arkansasag.gov

/s/ Paul J. James
Paul J. James