THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

SHAWANNA NELSON                                                                           PLAINTIFF

VS.                              CASE NO. 1:04CV00037 JMM

PATRICIA TURNESKY                                                                        DEFENDANT

## ORDER

Pending before the Court is plaintiff's Motion for Attorneys' Fees (#119) filed pursuant to Federal Rule of Civil Procedure 54(d)(2)(A) and Local Rule for the Eastern and Western Districts of Arkansas 54.1.

At the time plaintiff filed her 42 U.S.C. § 1983 Complaint on April 15, 2004, and her First Amended Complaint naming Turnesky as a defendant on June 1, 2004, she was in the custody of the Arkansas Department of Correction ("ADC"). The complaint sought damages against several defendants based on her treatment during the delivery of her child, which included having her leg shackled to the bed by ADC officer Turnesky during labor.

Plaintiff was released on parole on June 23, 2004. Magistrate Judge Jerry Cavaneau allowed service upon Turnesky on July 28, 2004. Turnesky filed her answer on August 9, 2004. Plaintiff filed a Second Amended Complaint on May 5, 2010, asserting an additional liability theory but adding no new factual allegations.

.

1

Summary judgment was granted on several of plaintiff's claims resulting in dismissal of various defendants. On October 2, 2009, an *en banc* opinion by the Court of Appeals for the Eighth Circuit dismissed an additional defendant based upon qualified immunity. The case went to trial on July 14th and 15th, 2010, on plaintiff's only remaining claim – – deliberate indifference to her medical needs – – against Turnesky, the only remaining defendant.[1] After hearing the evidence and receiving instructions from the Court, the jury returned a verdict in favor of plaintiff awarding her $1.00 in damages. Plaintiff did not seek or receive any declaratory or injunctive relief from the Court.

Federal Rule of Civil Procedure Rule 54(d)(2) states that "[a] claim for attorney's fees . . . must be made by motion . . . specifying the judgment and the statute, rule, or other grounds entitling the movant to the award." Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b), which gives courts discretion to award prevailing parties reasonable attorney's fees for any action or proceeding brought to enforce a provision of § 1983. *See* § 42 U.S.C. § 1988(b).

Plaintiff is a "prevailing party" as contemplated by § 1988(b). *See Keup v. Hopkins*, 596 F.3d 899, 905 (8th Cir. 2010) (plaintiff prevailing party based upon grant of nominal damages) (citing *Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 576 (8th Cir. 2007) (affirming the district court's holding that a plaintiff was a prevailing party even though he received only nominal damages because "[r]egardless of the amount of [the] judgment, [the plaintiff] was the prevailing party and, thus, is entitled to an award of attorney fees") (citing *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("[A] plaintiff who wins nominal damages is a

---

[1] During the pretrial conference, plaintiff abandoned her punitive damage claim and all claims based on physical injury, with the exception of the claim based on the additional pain she suffered due to being shackled by Turnesky during labor.

prevailing party under § 1988.")).

Because plaintiff was a prisoner at the time she filed her complaint, the Prison Litigation Reform Act ("PLRA") applies to her case, and under the PLRA, an award of attorney's fees pursuant to § 1988 is limited to 150 percent of the damages awarded if damages are monetary only. *See* 42 U.S.C. § 1997e(d)(2); *Royal v. Kautzky*, 375 F.3d 720, 725 (8th Cir. 2004) (referring to the statute as "awkwardly worded" but meaning that the PLRA "allows an award of attorney fees for 150% of the damage award"); *Keup*, 596 F.3d at 905 (8th Cir. 2010) ("When the plaintiff only receives nominal damages of $1.00, § 1997e(d)(2) caps attorney fees at $1.50"); *Foulk v. Charrier*, 262 F.3d 687, n. 17 (8th Cir. 2001) ("[I]f non-monetary relief is ordered . . . the attorney's fees cap in 42 U.S.C. § 1997e(d)(2) does not apply").

Plaintiff seeks to avoid the PLRA's limitation on attorney's fees by arguing that the PLRA does not apply to her because: (1) she was not a prisoner when the defendant was served or answered the Second Amended Complaint; (2) she was not a prisoner at the time of trial; and (3) she pled in her Second Amended Complaint that the PLRA did not apply to her complaint based upon changed circumstances.[2]

The Eighth Circuit has consistently held that under 42 U.S.C. § 1997e(d)(1), the plaintiff's status at the time of the filing of the complaint determines whether the PLRA applies. *See Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (42 U.S.C. § 1997e(a) exhaustion requirement does not apply when plaintiff files complaint after being released from prison)(citing *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir.1998)); *Acevedo v. Ferguson*, 2010 WL

---

[2]In her answer to the Second Amended Complaint, defendant denied plaintiff's assertion regarding the applicability of the PLRA.

1856239 (W.D. Ark. May 4, 2010) (adopting Magistrate Judge's report and recommendation holding that status of plaintiff at time he files suit determines if PLRA applies); *see also Perez v. Westchester County Dept. of Corrections*, 587 F.3d 143, 154-55 (2d Cir. 2009) (Court rejected reasoning in *Morris v. Eversley*, 343 F.Supp. 2d 234 (S.D.N.Y.) and held that PLRA fee cap applies to prisoner-plaintiffs incarcerated when they filed suit but who have since been released); *Harris v. Gardner*, 216 F.3d 970 (11th Cir. 2000) (*en banc*) (PLRA applicable to prisoners who were confined at time of filing, but later released before entry of judgment).

Plaintiff relies on *Morris v. Eversley*, 343 F.Supp. 2d 234 (S.D.N.Y. 2004) which holds that the PLRA does not to apply to a prisoner-plaintiff who was released shortly after filing her complaint and did not engage counsel until after her release. *Id.* at 242. The Court is not persuaded by the reasoning in this case and cannot reconcile it with the cases in the Eighth Circuit that clearly indicate that the status of a plaintiff at the time she files the complaint determines whether the PLRA applies. It is undisputed that plaintiff filed her complaint against Turnesky while she was still in custody.

The filing of the Second Amended Complaint does not change the result. Rule 15(c)(1) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original [complaint]."[3]

Since the Court finds that the PLRA does apply to plaintiff's complaint, there is no need

---

[3] If plaintiff's Second Amended Complaint did not relate back to the First Amended Complaint and the original Complaint, plaintiff would be facing statute of limitations issues. *See Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001) (three-year statute of limitations applies to section 1983 actions filed in Arkansas).

to address plaintiff's remaining arguments regarding the appropriateness of the requested hourly rates or the reasonableness and proportionality of the requested fees. Accordingly, the Court awards plaintiff attorney's fees in the amount of $1.50.[4]

Federal Rule of Civil Procedure Rule 54(d)(1) states that costs should be allowed to the prevailing party. Defendant does not object to plaintiff recovering relevant documented costs.

Costs recoverable under Rule 54(d) are specified in 28 U.S.C. § 1920. *See also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494 (1987). Pursuant to § 1920, the record, and plaintiff's documentation, the Court will award costs to Paul James in the amount of $573.26, costs to Elizabeth Alexander in the amount $1,049.94, and to Cathleen Compton in the amount of $150.00 (filing fee). The Court will not award any costs to Holly Dicks as she never entered an appearance on behalf of plaintiff.

IT IS SO ORDERED THIS   13   day of   September  , 2010.

*James M. Moody*
James M. Moody
United States District Judge

---

[4]Plaintiff's counsel may apply for additional costs and expenses to be paid from the Court's Library Fund. *See* Local Rule 83.6.